IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No.: 1:23-cv-00454 |
| Plaintiff, | Hon. Jane Beckering |
| v. | |
| MEAD JOHNSON NUTRITION COMPANY, | |
| Defendant. | |

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Miles L. Uhlar (P65008)<br>Detroit Field Office<br>477 Michigan Avenue, Room 865<br>Detroit, MI 48226<br>(313) 774-0015<br>miles.uhlar@eeoc.gov<br>*Attorneys for Plaintiff* | K&L GATES LLP<br>Vincent N. Avallone<br>One Newark Center – 10th Floor<br>Newark, NJ 07102<br>(973) 848-4000<br>vincent.avallone@klgates.com<br>*Attorneys for Defendant* |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("the EEOC") filed this action against Mead Johnson Nutrition Company ("MJN") to enforce the Americans with Disabilities Act ("ADA"). The EEOC alleged that MJN violated the ADA by denying Nancy Driesenga ("Driesenga") a reasonable

accommodation and forcing her on unpaid leave. MJN filed an Answer in which it denied all allegations of wrongdoing and raised various defenses. Driesenga retired from MJN in May 2022 and died on January 24, 2024.

It is the intent of the parties that this Consent Decree ("Decree") shall be a final and binding settlement in full disposition of the issues and claims that were raised in, or could have been raised in the Complaint and this action against MJN or its Related Entities (as defined below). This Decree does not constitute an admission by either party as to the claims and defenses of the other. It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: 1) the Court has jurisdiction over the parties and the subject matter of this action; and 2) this Decree fully and finally resolves all matters in controversy arising out of the Complaint against MJN or its Related Entities.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED:

## MONETARY RELIEF

1. MJN shall make a donation payment of Fifteen Thousand

dollars ($15,000.00) to The American Cancer Society in honor of Nancy Driesenga to resolve all claims the EEOC brought or could have brought on behalf of Driesenga against MJN or its Related Entities. The term "Related Entities" means MJN's successors in name, successors in interest, assigns, predecessors in name, predecessors in interest, past, present and future members, owners, shareholders, parents, subsidiaries, related corporations, associations, partners, joint ventures, and affiliates (collectively, "Affiliates"), the past, present and future directors, trustees, officers, agents, attorneys, insurers, reinsurers and employees of MJN and the Affiliates, and any and all employee pension or welfare benefit plans of MJN or the Affiliates, including current and former trustees and administrators of these plans.  The American Cancer Society is located at 270 Peachtree St. NW, Suite 1300, Atlanta, GA 30303.

  2. Within thirty (30) days after the Court's entry of this Decree, MJN shall make the payment to The American Cancer Society either via a check sent via some type of tracked delivery service (UPS or FedEx), or via the secure payment link at https://donate.cancer.org. Within seven (7) days after making the

payment, MJN shall send proof of payment to Kenneth Bird, Regional Attorney, care of Miles Uhlar, Trial Attorney, EEOC, 477 Michigan Ave., Room 865, Detroit, MI 48226. A copy of the proof of payment shall also be e-mailed to monitoring-eeoc-indo@eeoc.gov and miles.uhlar@eeoc.gov within seven (7) days after the payment is made.

## TRAINING

3.    **Training**: Within ninety days from the entry of this Decree and thereafter on an annual basis for the duration of this Decree, MJN shall provide live, interactive training (either in person or via Zoom, Teams or another form of webinar) on the Americans with Disabilities Act to all Human Resources employees at MJN's Zeeland, Michigan facility. This training, at a minimum, shall include an overview of the ADA with special emphasis on responding to requests for reasonable accommodation. Training materials, including the names and titles of the employees who attend, must be submitted to the EEOC (in the same method as proof of payment) no later than 30 days after the training session. The cost of training shall be borne by MJN.

## REPORTING

4. MJN shall provide two reports to the EEOC. The first report shall be due nine (9) months after the entry of this Decree. The second report shall be provided one (1) year after submission of the first report. The reports shall include: 1) The job title of any employees at the Zeeland location who requested a reasonable accommodation; 2) the nature of the requested accommodation; 3) the department and title of the MJN decision makers who responded to the request for accommodation; and 4) whether the accommodation was granted. The first report shall pertain to the preceding nine (9) months; the second report shall pertain to the preceding twelve (12) months. The reports shall be submitted in the same manner as proof of payment.

## POSTING

5. The Notice attached as **Exhibit 1** to this Decree shall be posted in the Zeeland, Michigan facility for the Duration of the Decree.

## ENFORCEMENT

6. If the EEOC believes MJN has not complied with the terms of this Decree, the EEOC shall provide written notification of

the alleged breach to MJN. The EEOC shall not petition the Court for enforcement of this Decree for at least thirty (30) days after providing written notification of the alleged breach. The 30-day period following the written notice shall be used by the EEOC and MJN for good faith efforts to resolve the dispute.

## RETENTION OF JURISDICTION

7. The United States District Court for the Western District of Michigan shall retain jurisdiction over this matter for the duration of this Decree for purposes of enforcing the Decree's terms.

## DURATION AND TERMINATION

8. This Decree shall be in effect for two years from the date of entry of the Decree.

## IRC REDUCTION

9. **Form 1098-F**. The individual who should receive the copy of the Form 1098-F if the EEOC is required to issue one is:

| | |
|---|---|
| Name: | Amit Kumar<br>NA Finance Director Nutrition |
| Physical Address: | 399 Interpace Parkway<br>Parsippany, NJ 07054 |

10. **No Representation on IRC Deduction**. The EEOC has made no representations regarding whether the amount paid

pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

11. **Decision on IRC Deduction**. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

12. **No Reliance on Representations Concerning Deduction**. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS

13. Each party will bear its own costs and fees.

14. If any provision of this Decree is found to be unenforceable by a court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

15. Only the Court may modify this Decree.

16. The terms of this Decree are and shall be binding upon

the EEOC and the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of MJN.

17.  MJN shall provide written notice, prior to any sale, merger or transfer of assets that occurs within two years of the date of entry of this Decree, to the purchaser or transferee, and to any other potential successor, of the existence of and allegations in this action and of the contents of the Decree, along with a copy of the Complaint and this Decree. Should any sale, merger or transfer of assets occur within two years of the date of entry of this Decree, MJN shall provide to the EEOC written confirmation of the same and proof that notice of this Decree was provided to the successor within fourteen days of the sale, merger, or transfer.

18.  Nothing in this Decree, nor any statements, discussions, or communications, nor any materials prepared, exchanged, issued or used during the negotiations leading to this Decree, shall be admissible in any proceeding of whatever kind or nature as evidence of disability discrimination, or as evidence of any violation of the ADA, the common law of any jurisdiction, or any federal, state, or local law.  Notwithstanding the foregoing, the Decree may

be used by either party in any proceeding in this Court to enforce or implement the Decree or any orders or judgments of this Court entered in conjunction with the Decree.

| EQUAL EMPLOYMENT OPPORTUNNITY COMMISSION | MEAD JOHNSON NUTRITION COMPANY |
|---|---|
| /s/ Miles Uhlar | /s/ Vincent Avallone (w/ consent) |
| Kenneth L. Bird | K&L GATES LLP |
| Omar Weaver (P58861) | Vincent N. Avallone |
| Miles Uhlar (P65008) | One Newark Center – 10th Floor |
| Attorney for Plaintiff | Newark, NJ 07102 |
| 477 Michigan Ave., Rm. 865 | (973) 848-4000 |
| Detroit, MI 48226 | vincent.avallone@klgates.com |
| (313) 226-4620 | |
| miles.uhlar@eeoc.gov | |

**IT IS SO ORDERED:**

_____
Hon. Jane Beckering
United States District Judge

Date: _____

EXHIBIT 1 - NOTICE
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Indianapolis District Office

115 W. Washington St., South Tower Suite 600
Indianapolis, IN 46204
(800) 669-4000 TTY (800) 669-6820
FAX (317) 226-7953 & 5571

**THIS NOTICE IS POSTED PURSUANT TO A CONSENT DECREE
ENTERED BETWEEN THE EEOC AND MEAD JOHNSON NUTRITION COMPANY**

Disability discrimination is a form of employment discrimination that violates The Americans with Disabilities Act. It is unlawful for an employer to refuse to hire or promote an applicant or employee based on disability, or to terminate an employee based on disability. Furthermore, an employer has an obligation to engage in an interactive process with any disabled employee who requests a reasonable accommodation and to provide reasonable accommodations to employees with disabilities to enable them to do their jobs.

Mead Johnson does not tolerate any form of disability discrimination. An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact the Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

In compliance with federal law, no owner, manager, official or supervisor at Mead Johnson will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

SIGNED this _____ day of ____, 2024.

_____

Questions concerning this notice may be addressed to:
Equal Employment Opportunity Commission
101 W. Ohio St., Suite 1900
Indianapolis, Indiana 46204-4203
Telephone: (800) 669-4000– TTY (800) 669-6820

This OFFICIAL NOTICE shall remain posted for two (2) years from date of signing.